STATE OF NEW YORK  
SUPREME COURT : COUNTY OF BROOME

3:18-cv-223 (DNH/DEP)

MICHAEL BUCHANAN,

                Plaintiff,

-against-

**SUMMONS**  
Index No.:  
Date Filed:

BRIDGESTONE AMERICAS, INC.,  
BRIDGESTONE RETAIL OPERATIONS, LLC,  
FIRESTONE COMPLETE AUTO CARE,

                Defendant(s).

TO THE ABOVE-NAMED DEFENDANT(S):

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's undersigned attorney within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiff resides at 75 Shelby Street, Johnson City, N.Y. 13790

Defendant Bridgestone Americas, Inc. Address: C/O National Registered Agents, Inc. 111 Eighth Avenue, New York, N.Y. 10011

Defendant Retail Operations, LLC Address: 333 East Lake Street, Bloomingdale, IL 60108

Defendant Firestone Complete Auto Care, Inc. Address: 15 Lewis Street, Binghamton, N.Y. 13901

Dated: December 20, 2017  
       Binghamton, New York

                                    Ronald R. Benjamin, Esq.  
                                    Law office of Ronald R. Benjamin  
                                    *Attorney for Plaintiff*  
                                    126 Riverside Drive, P.O. Box 607  
                                    Binghamton, New York 13902-0607  
                                    (607) 772-1442

STATE OF NEW YORK : SUPREME COURT
COUNTY OF BROOME
-------------------------------------------------------------x

MICHAEL BUCHANAN,                                    **COMPLAINT**
                                                     Index No.:
                          Plaintiff,                 Date Filed:

    -against-

BRIDGESTONE AMERICAS, INC.,
BRIDGESTONE RETAIL OPERATIONS, LLC,
FIRESTONE COMPLETE AUTO CARE,

                          Defendants.

-------------------------------------------------------------x

    Plaintiff, Michael Buchanan, by and through his attorney, the Law Office of Ronald R. Benjamin, as and for his complaint against the above-named defendants, herein alleges as follows:

    1.    Plaintiff, Michael Buchanan, resides at 75 Shelby Street, Village of Johnson City, County of Broome, State of New York.

    2.    Upon information and belief, defendant Bridgestone Americas, Inc., (hereinafter "Bridgestone") is a foreign business corporation duly registered to do business in the State of New York.

    3.    Upon information and belief, Bridgestone Retail Operations, LLC (hereinafter "BSRO") is a foreign Limited Liability Company currently registered to do business in the State of New York, and is a subsidiary of Bridgestone Americas, Inc..

    4.    Upon information and belief, defendant Firestone Complete Auto Care, Inc., (hereinafter "Firestone") is a subsidiary of defendant BSRO.

    5.    That at all times herein mentioned, defendant Firestone Complete Auto Care was

in the business of operating auto care in the State of New York including but not limited to the store located at 15 Lewis Street, Binghamton, New York 13901, Store No.: 646040.

6. That on or about December 29, 2016, plaintiff, Michael Buchanan was employed as a delivery driver by Reynolds Enterprises of Broome, Inc., d/b/a Binghamton Agway, located at 145 Broad Avenue, Binghamton, New York 13901.

7. That while making deliveries for his employer on the above date, plaintiff was directed by said employer to deliver a pallet of rock salt to defendant Firestone Complete Auto Care ("Firestone"), located at 15 Lewis Street, City of Binghamton, County of Broome, State of New York.

8. That while delivering said rock salt to defendant Firestone, plaintiff was instructed by defendant Firestone, and/or its servants, agents, employees or independent contractors, to place the pallet of rock salt in a particular area inside the car service area of the building.

9. That while plaintiff was maneuvering the pallet of rock salt with a pallet jack into the instructed location, he slipped on a greasy floor, which also caused the pallet jack with its load of rock salt to slide.

10. As plaintiff prepared to jump out of the way of the sliding pallet of rock salt, his right foot and ankle struck a steel car lift, which caused him to fall backward, and caused the load of rock salt to impact plaintiff's right foot, lodging it between the car lift and the pallet jack carrying the load of rock salt.

11. That as a result of the aforesaid accident, plaintiff received painful and severe crushing injuries to his right foot, which included multiple fractures requiring surgery.

12. Upon information and belief, the said injuries will result in permanent damage, the extent of which cannot now be determined in that plaintiff is still experiencing tremendous

pain and suffering and is unable to perform his usual everyday activities as he was able to do prior to his accident.

13. That the aforesaid injury was caused solely by the negligence of the defendants, and their servants, agents, employees or independent contractors, with no negligence on the part of the plaintiff contributing thereto.

14. That the negligence of the defendants consisted of, but was not limited to, failure to inspect and maintain the floor in the area where the plaintiff fell and was injured, failure to warn the plaintiff of the dangerous condition of the floor, and failure to direct the plaintiff to place the rock salt in a safe area.

15. That the defendant had constructive notice of the hazardous condition in that they knew or should have known, by reasonably diligent inquiry via regular visual inspections, that the area where the plaintiff fell and was injured, which was the area where the defendant's employees serviced cars, was in a hazardous condition due to a grease being present on the floor.

16. Plaintiff has incurred significant medical expenses and lost wages, in an effort to treat and cure his aforesaid injuries, and, upon information and belief, he will incur future medical expenses and loss of wages, the amount of which cannot now be determined.

17. As a result of the aforesaid, plaintiff Michael Buchanan has been damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and is entitled to compensatory damages in an amount to be determined at trial.

WHEREFORE, plaintiff Michael Buchanan hereby demands judgment against the defendants as follows:

(1) Award plaintiff Michael Buchanan compensatory damages in the amount to be determined at trial;

(2) Award, plaintiff Michael Buchanan, the cost and disbursements in the prosecution of this action; and

(3) Award, plaintiff Michael Buchanan, such other and further relief as the Court deems just and proper under the circumstances.

Dated: December 20, 2017
Binghamton, New York

_____
Ronald R. Benjamin, Esq.
Law Office of Ronald R. Benjamin
*Attorney for Plaintiff Michael Buchanan*
126 Riverside Drive, P.O. Box 607
Binghamton, New York 13902-0607
(607) 772-1442